## McNelis' Appeal

*Norman T. Petow,* for appellant.

*James J. Logan,* for Department of Revenue.

NILES, P. J., August 1, 1935.—James T. McNelis, the appellant, on December 7, 1934, was the holder of an operator's license under the provisions of The Vehicle Code of May 1, 1929, P. L. 905. On May 27, 1935, his driver's license was suspended by the Department of Revenue for a period of 30 days. On June 21, 1935, an appeal from that action was allowed by this court. It then became the duty of this court to take testimony, examine into the facts, and determine whether the action of the secretary in suspending this license was in accordance with the law and the evidence.

Section 615 of The Vehicle Code provides that the Secretary of Revenue may suspend an operator's license whenever, upon sufficient evidence, it is found that the licensee has committed any violation of the motor vehicle laws.

By section 1001 reckless driving is declared to be unlawful, and among the specifications under (a) is: "Any person who drives any vehicle upon a highway carelessly and wilfully . . . in a manner so as to endanger any per-

son or property". Section 1002 (*a*) prohibits a speed greater than will permit the operator to bring the vehicle to a stop within the assured clear distance ahead. Section 622 makes it unlawful for anyone to permit a motor vehicle under his control to be operated in violation of any of the provisions of the act.

From the evidence produced at the hearing in open court on July 22, 1935, it appeared beyond dispute that on the day in question appellant took from his father's garage, by permission, the automobile involved. He took with him Miss Doris Helen Brown. They were on their way to Philadelphia and had reached a place near Downingtown at about 6:55 in the evening. During the trip both had drunk some intoxicating liquor, although there was no evidence that either of them was under its influence. By permission of McNelis, Miss Brown had taken the wheel and he went to sleep. In the lane of the Lincoln Highway where Miss Brown was driving, and in front of her, was another machine going in the same direction. While not giving uninterrupted attention to her driving, because of looking to her left at something at the side of the road, and while the car was coasting, gaining on the car ahead, she did not observe the situation until she was right on top of the car in front of her. She then applied the brake, turned to the left out of the lane of traffic, and hit another car coming from the opposite direction. The cause of the collision and the subsequent results was that Miss Brown, the driver, turned her head the other way to look at an inn at the left side of the road, and when she again renewed her attention to her driving she was not able to control the car and bring it to a stop within the assured clear distance ahead.

It appears that the operation of the car by Miss Brown under these circumstances constituted reckless driving within the definition of the code. The controverted question in this case is whether McNelis violated the provisions of section 622. The motor vehicle was under his control. He did permit it to be operated by Miss Brown,

who violated the provisions of the act by reckless driving while McNelis was asleep by her side. The secretary held that McNelis was responsible, under the circumstances, for the reckless driving of Miss Brown. With this we agree.

The argument for appellant is that, having permitted Miss Brown to operate the car while he slept by her side, he was not responsible for her reckless driving. The argument for this proposition is not convincing. The provisions of the act are intended to diminish the dangers of the road. One of these dangers is in drivers not having their motor vehicles constantly under such control as to permit them to bring the vehicle to a stop within the assured clear distance ahead. If the person who owns or controls the motor vehicle is not held accountable for the reckless driving of one permitted by him to operate it, the force of the protection of section 622 would be easily evaded. The ruling of the secretary was warranted by the law and the evidence.

And now, August 1, 1935, it is adjudicated and determined that the petitioner, James T. McNelis, is subject to the suspension of his operator's license, as set forth in the action of the Secretary of Revenue May 27, 1935, from which this appeal was taken.

The appeal is dismissed and the appellant directed to pay the costs of this proceeding.